IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

James E. JOYNER       *
               *
  v.           *  Civil No. CCB-12-2294
               *
A.C. & R. INSULATION CO., et al. *
               *
               *
            ******

## **MEMORANDUM**

Plaintiff James Joyner initiated this asbestos products-liability action in the Circuit Court for Baltimore City in June 2012. Two months later defendant Crane Co. removed the case to this court under the federal officer removal statute, 28 U.S.C. § 1442(a)(1), on the basis of the government contractor defense. No other defendant joined in Crane Co.'s removal to federal court. Soon thereafter Joyner moved to remand the case—either *in toto* or in part—to the state court. This court then severed Joyner's claims against Crane Co. from the rest of the suit and remanded the other claims to the Circuit Court for Baltimore City.

The severance and dismissal led to a flurry of motions and filings. Defendants Crane Co. and Owens-Illinois, Inc. moved for reconsideration two weeks later. Without responding to those motions, Joyner filed a "notice of abandonment of claims and request for remand." That putative notice announced that Joyner would no longer seek damages related to Crane Co.'s alleged use of asbestos in valves that it manufactured, distributed, or sold while Joyner worked in the United States Coast Guard—the valves that gave rise to Crane Co.'s invocation of the government contractor defense. But Joyner continues to seek damages from Crane Co. for its alleged use of asbestos in its Cranite gaskets. He therefore asks this court to remand his gasket claim against Crane Co. to the state court, which would end this federal litigation.

1

Crane Co. and Owens-Illinois voiced procedural and substantive objections to Joyner's attempt to abandon his claim against Crane Co. with respect to its valves. In its opposition, Crane Co. argued that it would be inappropriate to permit Joyner to dismiss or abandon his valve claim because, *inter alia*, Crane Co. can also assert a federal defense with respect to its Cranite gaskets. Crane Co. therefore contends that this case belongs in federal court, with or without the valve claim. Joyner then filed his reply to the notice of abandonment, asking the court to convert the putative notice to a motion under Rule 15(a) or Rule 41(a)(2). Taking umbrage with Crane Co.'s belated assertion of the federal government contractor defense with respect to its gaskets, though, Joyner also moved to "strike any and all arguments pertaining to Crane Co.'s claim that it is entitled to pursue the federal officer defense in connection with its Cranite gaskets." That precipitated another round of briefing.

These various motions have been fully briefed, and no oral argument is necessary. *See* Local R. 105.6. For the reasons set forth below, the motion to strike will be denied as invalid. The notice of abandonment will be treated as a motion to amend under Rule 15(a), and it will be granted. The request for remand is converted to a motion for remand and will be granted as well. The motions for reconsideration will be denied. I address each motion in turn.

**I.      Notice of Abandonment and Request for Remand**

Familiarity with the facts of this case is assumed. *See generally Joyner v. A.C. & R. Insulation Co.*, No. 12-2294, 2013 WL 877125 (D. Md. Mar. 7, 2013). Because the disposition of this motion may affect the pending proceedings in the Circuit Court for Baltimore City, however, I begin with some basic background information. Joyner's state-court complaint included four causes of action: strict liability (Count I), breach of warranty (Count II), negligence (Count III), and aiding, abetting, and conspiracy liability (Count IV). The complaint named

2

more than four dozen defendants, but it did not identify the specific products that allegedly caused or contributed to Joyner's mesothelioma, nor did the complaint include specific allegations about the locus or loci of his asbestos exposure.

During his deposition, Joyner identified two Crane Co. products that allegedly caused his mesothelioma: valves and Cranite gaskets. That testimony prompted Crane Co. to remove the case to this court on the basis of the government contractor defense. Crane Co.'s notice of removal discussed only its valves, however, and did not invoke the government contractor defense with respect to its Cranite gaskets. (*See* Notice of Removal ¶¶ 10–11, ECF No. 1.)

On March 28, 2013, Joyner filed a "notice of abandonment of claims regarding Crane Co. valves only and request for remand." The cursory filing declared that "all claims and allegations regarding Crane Co. valves are abandoned and are no longer being pursued." (ECF No. 196.) Joyner asked the court to remand his remaining claims against Crane Co. (related only to Crane Co.'s Cranite gaskets) to the state court, which would divest this court of jurisdiction over all aspects of this litigation.

Both Owens-Illinois and Crane Co. have objected to Joyner's notice of abandonment. Noting that the remaining defendants have filed cross-claims against one another for contribution, they contend that Joyner's abandonment of all claims related to Crane Co.'s valves would not affect the defendants' cross-claims with respect to those valves. Because Crane Co.'s government contractor defense is ostensibly a colorable federal defense against those cross-claims, Owens-Illinois and Crane Co. argue that this court would maintain jurisdiction over the cross-claims even if Joyner forfeited his claim with respect to the valves. Owens-Illinois further argues that Joyner's attempt to abandon his valve claim and return to state court amounts to a manipulative tactic whose sole purpose is to evade federal jurisdiction.

Crane Co. raises another objection to Joyner's notice of abandonment: It maintains that there is no procedural vehicle that allows Joyner to abandon his valve claim against Crane Co. According to Crane Co., at this stage of the litigation Joyner can abandon a claim only through Rule 41(a)(2) voluntary dismissal or Rule 15 amendment of the complaint. Crane Co. argues that neither provision allows Joyner to abandon one portion of his claim against Crane Co.; Joyner could dismiss Crane Co. entirely from the suit, but he cannot abandon his claim with respect to Crane Co.'s valves while maintaining his claim with respect to the Cranite gaskets. Crane Co. also contends that Joyner cannot amend his complaint to repudiate the valve claim because neither Crane Co.'s valves nor any other specific product is expressly identified in the complaint. Thus, Crane Co. argues that there is nothing in the complaint that can be amended.

Finally, irrespective of whether the court permits Joyner to abandon his valve claim, Crane Co. also opposes Joyner's request to remand the other claims. In its brief Crane Co. discusses at length the applicability of the government contractor defense to its Cranite gaskets. Although Crane Co.'s notice of removal never mentioned its Cranite gaskets as a basis for removal, Crane Co. submits that "there is no requirement that a defendant remove a lawsuit on every available basis." (Crane Co.'s Opp. to Pl.'s Mot. to Strike at 2, ECF No. 204.) Remand would be improper and futile in Crane Co.'s view because Crane Co. would just remove the case once again.

Rather than filing a reply brief, Joyner opted to embed his reply in a motion to strike.[1] Because Crane Co.'s notice of removal did not invoke the government contractor defense with

---

[1] It is not clear what Joyner seeks to accomplish with the motion to strike. Rule 12(f) authorizes the court to strike "redundant, immaterial, impertinent, or scandalous matter" in a pleading. An opposition brief is not a pleading, however. The motion to strike therefore is denied and will be treated as a reply brief. Crane Co.'s opposition to the motion to strike is treated as a sur-reply, and Joyner's reply brief is treated as a sur-sur-reply.

respect to its Cranite gaskets, and the thirty-day window for removal has expired, Joyner argues that Crane Co. has waived its right to remove on that basis.  Joyner thus contends that Crane Co.'s discussion of the merits of that defense should be stricken.  Joyner further maintains that cross-defendants cannot remove a case and that cross-claims cannot confer federal jurisdiction.  Joyner urges the court not to consider jurisdictional questions associated with the cross-claims until after the merits of Joyner's claims have been adjudicated.  Turning to Crane Co.'s objection to the form of his abandonment, Joyner asks the court to convert his notice of abandonment to either a Rule 41(a) motion for voluntary dismissal or a Rule 15(a) motion to amend the complaint.  And lastly, in the event the court maintains jurisdiction over part or all of Joyner's claims against Crane Co., Joyner requests a federal trial date before August 15, 2013.

In its opposition to the motion to strike, Crane Co. argued, among other things, that courts universally recognize the right of third-party defendants to remove a case under 28 U.S.C. § 1442(a).  Joyner fervently disputed that assertion in his reply brief and again noted that Crane Co. waived its right to remove when it failed to articulate the applicability of the government contractor defense to the gasket claim in its previous notice of removal.

\*     \*     \*

The Federal Rules of Civil Procedure do not permit Joyner to abandon a claim without the consent of the court or the opposing party.  Rule 41(a) permits a plaintiff, under various circumstances, to voluntarily dismiss an "action"; it does not permit dismissal of one claim in a larger action or, as Joyner seeks to do, one piece of one claim.  "[I]t has been held that when multiple claims are filed against a single defendant, Rule 41(a) is applicable only to the voluntary dismissal of all the claims in an action."  9 Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2362 (3d ed. 2008); *see also Skinner v. First Am. Bank of Va.*, 64 F.3d

5

659, at *2–*3 (4th Cir. 1995);[2] *Shilling v. Nw. Mut. Life Ins. Co.*, 423 F. Supp. 2d 513, 518 & n.8 (D. Md. 2008). Rule 41(a)(2) is also an appropriate vehicle to dismiss "all claims against a particular defendant in a multi-defendant action." *Envtl. Dynamics, Inc. v. Robert Tyer & Assocs.*, 929 F. Supp. 1212, 1225–26 (N.D. Iowa 1996) (citing *Pedrina v. Chun*, 987 F.2d 608, 609 & n.1 (9th Cir. 1993)). On the other hand, "[a] plaintiff who wishes to drop some claims but not others should do so by amending his complaint pursuant to Rule 15." Wright & Miller, *supra*, § 2362.

Joyner does not seek to dismiss all claims against Crane Co.; he continues to seek damages for injuries allegedly caused by Crane Co.'s use of asbestos in its Cranite gaskets. Accordingly, Rule 41(a) is not the proper procedural tool to accomplish Joyner's objective. The question is whether Joyner may drop his valve claim by amending the complaint. Crane Co. maintains that Joyner cannot abandon his valve claim pursuant to a Rule 15(a) amendment because there is, in fact, no "claim" related to Crane Co.'s valves. There is some merit to this argument. A plaintiff may use Rule 15(a) "to drop some claims but not others." Wright & Miller, *supra*, § 2362; *see also Envtl. Dynamics, Inc.*, 929 F. Supp. at 1226 ("[T]he authority for the dismissal of one of two claims against [one defendant in a multi-defendant case] is neither Rule 56 nor Rule 41(a)(2), but Rule 15."). Strictly speaking, however, Joyner does not seek to drop a "claim" against Crane Co. Although the word claim can "carry a variety of meanings," it is typically synonymous with the term "cause of action." *Keene Corp. v. United States*, 508 U.S. 200, 210 (1993) (citing *Black's Law Dictionary* 247 (6th ed. 1990)). And Joyner's complaint identifies four causes of action, none of which is associated with a specific defendant or product. Indeed, the complaint does not identify *any* of the products that allegedly caused Joyner's

---

[2] Unpublished cases are cited not for their precedential value but for the persuasiveness of their reasoning.

mesothelioma; it was not until his deposition that Joyner first implicated Crane Co.'s valves and gaskets. Crane Co. thus contends that Joyner cannot abandon his Crane Co. valve claim by amending the complaint because, absent a specific reference to Crane Co.'s valves in the complaint, there is nothing in the complaint to excise or amend.

Joyner proposes to resolve this conundrum by inserting into his amended complaint the following provision:

> Plaintiff makes no claims for recovery nor asserts any theories of liability against Crane Co. for its valves. Plaintiff's strict liability (Count I), breach of warranty (Count II), negligence (Count III), and aiding, abetting and conspiracy (Count IV) claims against Crane Co. are confined to its manufacture, sale, distribution and marketing of Cranite gaskets.

Crane Co. is not satisfied. It contends that the proposed provision is a bald attempt "to disclaim any facts or claims that might invoke federal jurisdiction." (ECF No. 200 at 1 n.1.) In its view, this provision, which appears in paragraph two of the proposed amended complaint, (*see* ECF No. 201-1), is no more effective than the disclaimer in paragraph three of Joyner's complaint, which purports to renounce any claim that would give rise to federal jurisdiction.

There are significant differences, however, between the jurisdictional disclaimer in paragraph three and the claim disclaimer in paragraph two. In support of its proposition that the jurisdictional disclaimer is invalid, Crane Co. cites *In re Asbestos Products Liability Litigation (No. VI)*, 770 F. Supp. 2d 736, 740–43 (E.D. Pa. 2011), an opinion written by Judge Robreno in connection with the asbestos multidistrict litigation. Although Judge Robreno acknowledged that plaintiffs are generally the masters of their own complaints and may sculpt their claims to avoid federal jurisdiction, he concluded that jurisdictional disclaimers are invalid in the context of the federal officer removal statute (as opposed to the general removal statute) for two related reasons. "First, the presumption under the general removal statute favors remand, due to the

7

limited jurisdiction of federal courts, while the presumption under the federal officer removal statute favors removal, for the benefit of the officer involved in the case." *Id.* at 741. Second, Judge Robreno noted that the federal defense giving rise to federal jurisdiction may not become apparent until the claims have been developed. Because the claim giving rise to federal jurisdiction is ordinarily a state-law claim that only assumes a federal character when the defendant invokes a colorable federal defense, neither the court nor the parties can identify and exclude at the outset of the case those claims that might ultimately give rise to federal jurisdiction. *Id.* at 742. The defendant, moreover, is entitled to have the federal court, rather than the state court, determine whether its federal defense is colorable. "Recognizing this disclaimer would deprive the federal officer of the right to have the adequacy of the threshold determination[—]whether there is federal subject matter jurisdiction under the federal officer removal statute[—]made by a federal court." *Id.* at 742–43.

Those concerns are inapplicable in the context of a claim disclaimer. Here, a federal court has already deemed Crane Co.'s federal defense with respect to its valves to be colorable, and that determination has led Joyner to drop the valve claim. Crane Co. cannot reasonably maintain that it will suffer prejudice if Joyner elects not to seek damages for injuries that Crane Co. allegedly caused. The claim disclaimer also will not shift Crane Co.'s damages onto the other defendants. Even if Joyner is permitted to disclaim any damages related to Crane Co.'s valves, the other defendants may argue to the state-court jury that those valves caused or contributed to Joyner's mesothelioma. The jury would then be charged with determining the extent to which the valves caused his injuries, and Joyner would not be entitled to any monetary damages for the valve-related injuries. In other words, the claim disclaimer would simply prevent Joyner from collecting any damages caused by his exposure to Crane Co. valves.

8

This outcome would prejudice neither Crane Co. nor the other defendants. If the Cranite gasket claim is remanded to state court, Crane Co. will appear in trial to defend that claim and will be able to litigate the extent to which its valves (if that issue is raised by other defendants) and gaskets caused Joyner's injuries. The jury will be instructed to determine the total monetary value of Joyner's injuries and will then have to apportion those damages among the various defendants. After the jury has determined the extent of Joyner's damages attributable to Crane Co.'s valves, if any, that amount will be subtracted from the total damages award, as Joyner has elected to forego those damages.

The validity of Crane Co.'s federal defense with respect to the valves therefore would be immaterial, as Crane Co. would no longer face liability related to its valves. And because Crane Co.'s co-defendants/cross-claimants cannot seek contribution from Crane Co. for injuries caused by its valves if no damages are awarded for those injuries, the validity of Crane Co.'s federal defense would be immaterial to the cross-claims as well.

Joyner therefore will be granted leave to amend his complaint to disclaim all damages caused by Crane Co.'s valves. As the master of his complaint, Joyner may restrict its scope and sculpt its language to avoid federal jurisdiction.[3] *See Johnson v. Advance Am.*, 549 F.3d 932, 937 (4th Cir. 2008). Provided that the jury is divested of authority to award damages related to any injuries caused by Crane Co.'s valves, Joyner may rightfully elect not to seek damages for injuries caused by those valves. If Joyner later seeks to renew his claim with respect to the

---

[3] Crane Co. and Owens-Illinois argue that Joyner's attempt to abandon his claim with respect to the valves is a "manipulative tactic" designed to avoid federal jurisdiction. That is true; Joyner has fought against federal jurisdiction at every turn. But a plaintiff's attempt to manipulate the forum is only one factor in the supplemental jurisdiction calculus, *see Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988), and there is no *per se* rule prohibiting "jurisdictional maneuvering." "[A] plaintiff is entitled to allege in state court whatever claims he chooses and then dismiss them, with leave of court, upon removal." *Shilling*, 423 F. Supp. 2d at 519 & n.11.

valves, Crane Co. will again be permitted to timely remove the claim to federal court on the basis of the government contractor defense.

* * *

That leaves unresolved Joyner's motion to remand the claim against Crane Co. related to its Cranite gaskets. 28 U.S.C. § 1447(c) provides that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after filing the notice of removal under section 1446(a)." Where the basis for remand is the lack of subject matter jurisdiction, however, the thirty-day limitation is inapplicable, and the defendant may seek remand at any time. *North Carolina v. Ivory*, 906 F.2d 999, 1000 n.1 (4th Cir. 1990).

This case was removed to this court under the federal officer removal statute, which vests the federal courts with original jurisdiction over civil and criminal cases against an officer of the United States or a person "acting under" a federal officer. *See Jefferson Cnty. v. Acker*, 527 U.S. 423, 431 (1999). This court previously determined that Crane Co. properly removed this case under the federal officer removal statute because it had asserted a colorable government contractor defense. Crane Co.'s notice of removal, however, invoked that defense only with respect to its valves. (*See* Notice of Removal ¶¶ 10–11, ECF No. 1.) The only Crane Co. product for which Joyner currently seeks damages is its Cranite gaskets, and Crane Co. has not asserted a federal defense with respect to those gaskets.

Crane Co. contends that the absence of any reference to its Cranite gaskets in its notice of removal is not fatal; its position is that "there is no requirement that a defendant remove a lawsuit on every available basis." (ECF No. 204 at 2.) Crane Co. cites no authority for that proposition, however, other than the boilerplate proclamation that the federal officer removal

10

statute should be broadly construed. Though undeniably true, that assertion guides courts' interpretation of the federal officer removal statute; it has no bearing on the procedural requirements imposed by 28 U.S.C. § 1446(a), which requires the removing defendant(s) to file a notice of removal containing "a short and plain statement of the grounds for removal." The "grounds for removal" stated in Crane Co.'s notice of removal did not include any federal defense with respect to the alleged use of asbestos in its Cranite gaskets. Indeed, as Joyner notes in his reply brief, at the February 8, 2013, removal hearing the court explicitly questioned Crane Co.'s counsel whether the government contractor defense applied to Joyner's claims with respect to the gaskets. Counsel's response: "We haven't briefed that at this point, Your Honor. . . . We are not taking a position right now on that issue. We do have federal jurisdiction based upon the Crane valve, the Crane valve exposure." (ECF No. 205-1 at 40.)

The Federal Rules of Civil Procedure allow a defendant to remove a case within thirty days after receipt by the defendant of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which has become removable." 28 U.S.C. § 1446(b)(3). Insofar as Crane Co. can assert a colorable federal defense with respect to its gaskets, Crane Co. first ascertained—or should have first ascertained—the pertinence of that defense during Joyner's deposition. That is when Crane Co. first ascertained, by its own admission, that it had a colorable federal defense with respect to its valves. Crane Co. failed to assert that defense as a basis for removal within thirty days of Joyner's deposition, and § 1446(b) bars Crane Co. from asserting the defense as a basis for removal now.

Owens-Illinois and Crane Co. also submit that the defendants' cross-claims give rise to federal jurisdiction. On this view, Joyner's abandonment of his valve claim against Crane Co. does not extinguish the co-defendants' cross-claims against Crane Co. with respect to its valves.

Yet this argument reflects a fundamental misunderstanding of the nature of a claim for contribution. The defendants' cross-claims for contribution are derivative of Joyner's suit and, ultimately, the damages, if any, that he recovers; a defendant may only seek contribution for damages imposed on that defendant. In other words, if Joyner never recovers damages for injuries caused by Crane Co.'s valves, neither Crane Co. nor the other defendants can maintain a cross-claim for contribution related to those injuries. And because Joyner has dropped his valve claim and therefore cannot recover damages for any injuries caused by Crane Co.'s valves, it follows that Joyner's disclaimer of all such damages necessarily extinguishes all cross-claims that are derivative of those injuries.

*   *   *

Accordingly, Joyner will be granted leave to amend his complaint to disclaim all damages to which he may be entitled as a result of any injuries caused by Crane Co.'s valves. Joyner's remaining claims against Crane Co. will be remanded to the Circuit Court for Baltimore City, where they can be consolidated with the claims against the other defendants that were remanded in March.

## II.     Motion for Reconsideration

Before Joyner filed the notice of abandonment and request for remand, Owens-Illinois and Crane Co. independently moved for reconsideration of the court's March 7, 2013, order. That order severed Joyner's claims against Crane Co. from his claims against the other defendants, concluding that Crane Co. had asserted a colorable federal defense with respect to its valves. The court remanded the claims against the other defendants to the Circuit Court for Baltimore City and stated that Joyner would be permitted to renew his motion to remand the claims against Crane Co. if Crane Co. could not establish a valid federal defense.

The objections lodged by Owens-Illinois and Crane Co. in their motions for reconsideration have become moot in light of the disposition of Joyner's putative "notice of abandonment of claims and request for remand." Joyner's claims against Crane Co. with respect to its gaskets will be remanded to state court. The remand terminates the federal litigation, and the parties no longer need to conduct parallel litigations in state and federal court.

A separate Order follows.


June 6, 2013                                                  /s/
Date                                                         Catherine C. Blake
                                                           United States District Judge